IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL S.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 24 C 6734 |
| v. ) | |
| ) | Magistrate Judge |
| LELAND DUDEK, Acting ) | Daniel P. McLaughlin |
| Commissioner of Social Security,[2] ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Michael S.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [18] is granted in part, and the Commissioner's cross-motion for summary judgment [24] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Leland Dudek has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. PROCEDURAL HISTORY

On June 22, 2021, Plaintiff filed a claim for DIB, alleging disability since September 2, 2020. The claim was denied initially and upon reconsideration, after which Plaintiff timely requested a hearing. Two telephonic hearings were held on January 24, 2023 and July 5, 2023, and all participants attended the hearings by telephone. Plaintiff appeared and testified at the hearings and was represented by counsel. A vocational expert ("VE") also testified at both hearings.

On August 7, 2023, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of September 2, 2020. At step two, the ALJ concluded that Plaintiff had severe impairments of post-traumatic stress disorder (PTSD) and depression. The ALJ concluded at step three

that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitations: can understand, remember, and carry out instructions for tasks which can be learned in one to three months on the job, in a predictable work setting; and is limited to occasional interaction with coworkers and supervisors with no group or tandem tasks. At step four, the ALJ concluded that Plaintiff would be unable to perform his past relevant work as a network engineer. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

### I.   ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does

3

the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform his former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of

4

'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow . . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id.* at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

5

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ erroneously failed to explain why limitations contained in a State agency medical opinion were not adopted; and (2) the ALJ's symptom evaluation was patently wrong.

Plaintiff first contends that the ALJ erred by "failing to discuss limitations contained in the reconsideration-level State Agency opinion of Dr. Joseph Mehr, Ph.D." ([18] at 2.) Pertinent to that assertion, the ALJ evaluated Dr. Mehr's (and the other State agency consultant's) opinions as follows in her decision:

> The undersigned has considered the November 2021 and February 2022 opinions of the State Agency medical consultants at Exhibits 2A and 3A. The consultants also ultimately found the evidence fails to reflect the presence of a severe physical impairment resulting in additional exertional restrictions. However, they further found claimant does have severe mental impairments warranting additional limitations. Among the limitations noted by the State Agency are additional social restrictions, which is generally commensurate with the indicated residual functional capacity. In light of the evidence, the undersigned finds the opinions of the State Agency medical consultants generally persuasive overall to the extent they are consistent with the indicated residual functional capacity.

(R. 25.) Also relevant to Plaintiff's first argument, as outlined above, the ALJ determined that Plaintiff retained the RFC to "understand, remember and carry out instructions for tasks which can be learned in one to three months on the job, in a predictable work setting." (R. 20) The ALJ further found that Plaintiff should be "limited to occasional interaction with coworkers and supervisors with no group or tandem tasks." (*Id.*)

6

In advancing his first argument, Plaintiff points out that Dr. Mehr opined that he "would do best in a predictable, routine work setting where employment related social interactions are infrequent, brief and largely task-specific (vs collaborative)." (R. 88.) As stressed by Plaintiff, Dr. Mehr also opined that Plaintiff was moderately limited in his ability to carry out detailed instructions, moderately limited in his ability to maintain attention and concentration for extended periods, and moderately limited in his ability to interact appropriately with the general public. (*Id.* at 87.) Per the passage quoted above, the ALJ did not specifically discuss these findings in assessing Dr. Mehr's opinions. Furthermore, despite the opinions – and despite the fact that the ALJ found Dr. Mehr's opinions to be generally persuasive – the ALJ's RFC assessment did not contain any specific limitations concerning the duration of Plaintiff's interactions, Plaintiff's ability to interact with the public, or Plaintiff's difficulties with concentration, persistence, and pace. Plaintiff asserts that "[t]o the extent the ALJ diverged from Dr. Mehr's restrictions, the ALJ did not explain . . . how the evidence fit her conclusions." ([18] at 7.) The Court agrees with Plaintiff that the ALJ erred in that regard.

"[W]hen the ALJ finds opinion evidence persuasive," she has "an obligation to explain why [s]he adopted some of the opining doctor's findings but not others." *Eric W. v. O'Malley*, No. 21 CV 4502, 2024 WL 4333297, at *3 (N.D. Ill. Sept. 27, 2024) (citations omitted). Along those lines, an ALJ is "not free to adopt some of [a State agency consultant's] findings while ignoring others – especially those that directly contradicted her bottom-line conclusion." *Clarence D. v. Kijakazi*, No. 19 CV 4665,

7

2022 WL 4132478, at *4 (N.D. Ill. Sept. 12, 2022). Consistent with this authority, the ALJ erred here because she did not explicitly assess many of Dr. Mehr's opinions and did not explain why she appeared to adopt some of Dr. Mehr's opinions but not others. *See Shawn C. v. O'Malley*, No. 21 C 6276, 2024 WL 3161659, at *3 (N.D. Ill. June 25, 2024) ("The Court agrees with Claimant that the ALJ erred in failing to explain why, after finding the consultants' opinions substantially persuasive, he only limited Claimant to 'interacting no more than occasionally with supervisors or coworkers' and did not also adopt limitations consistent with the consultants' opinions that Claimant could 'tolerate coworkers and supervisors in non-public settings in which interactions are brief, superficial and task-oriented.'"); *Grazyna C. v. Kijakazi*, No. 3:21-CV-50030, 2022 WL 2802336, at *4 (N.D. Ill. July 18, 2022) ("The Court cannot reconcile the ALJ's failure to adopt an RFC with limitations at least as restrictive as the ones outlined by the state agency psychologists she relied on. Therefore, substantial evidence does not support the ALJ's decision based on her failure to explain her RFC assessment regarding Plaintiff's ability to interact with others."); *Heather W. v. Kijakazi*, No. 20 CV 132, 2022 WL 4386017, at *3 (N.D. Ill. Sept. 22, 2022) ("The ALJ erred by failing to explain why, despite giving great weight to Dr. Levitan's opinions, he did not include in the RFC determination a limitation corresponding to Levitan's opinion that plaintiff would have difficulty handling moderate work pressure and stress.").

In this case, as in others, "[w]hile the ALJ was not required to deem persuasive or adopt the state agency psychologists' or CEs' opinions, she was required to—[but] did not—explain why [s]he adopted some of their findings and rejected others." *Sergey S. v. O'Malley*, No. 21 CV 4966, 2024 WL 3398334, at *3 (N.D. Ill. July 11, 2024) (citation and internal quotations omitted). As such, the ALJ erred and her error was not harmless. *See Clarence D.*, 2022 WL 4132478 at *4 ("Given the glaring contradiction between Dr. Pillay's opinion and the ALJ's step four ruling, the Court is unable to predict with great confidence that the ALJ would again find that plaintiff could work as a truck driver after considering Dr. Pillay's opinions."). Ultimately, the ALJ's errors vis-à-vis Dr. Mehr's opinions require that this matter be remanded. *See Leesa S. v. Kijakazi*, No. 20 CV 1874, 2023 WL 2186010, at *5 (N.D. Ill. Feb. 23, 2023) ("The ALJ's failure to account for the agency psychologists' opinion that plaintiff required a work setting with reduced social demands because of her moderately limited ability to get along with coworkers without disrupting them or exhibiting extreme behavior was an error that requires remand."); *Adam G. v. O'Malley*, No. 21 CV 639, 2024 WL 3694491, at *3 (N.D. Ill. Aug. 7, 2024) (remanding where ALJ found state agency reviewer's opinion "somewhat persuasive" but did not address or account for reviewer's opinion that the claimant had a moderate persistence limitation); *Diaz v. Berryhill*, No. 16 C 11149, 2017 WL 4163959, at *2 (N.D. Ill. Sept. 20, 2017) (remanding where ALJ gave some weight to state agency psychologists' opinions but did not explain why RFC omitted their findings that the claimant was limited to 1-2 step tasks).

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that all of the medical opinion evidence is properly evaluated and Plaintiff's symptoms are properly assessed.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [18] is granted in part, and the Commissioner's cross-motion for summary judgment [24] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**                   **ENTERED:**

DATE:     **April 28, 2025**

**HON. DANIEL P. McLAUGHLIN**
**United States Magistrate Judge**